ESTATE OF BALTZER NAPFLE, DECEASED.

APPEAL BY ANNA M. SHARP FROM THE ORPHANS' COURT OF
PHILADELPHIA COUNTY.

Argued April 8, 1890—Decided May 5, 1890.

Where the testimony, on an application for an issue devisavit vel non, disclosed that the testator, though of great age and his eyesight and hearing and perhaps his memory defective, yet gave his own directions for the drawing of the will and the codicil, and at different times afterward referred to their provisions, a case was not presented which would sustain a verdict against the will, and an issue was properly refused.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 222 January Term 1890, Sup. Ct.; court below, No. 228 October Term 1888, O. C.

On March 17, 1888, Anna Maria Sharp presented a petition averring that she was a daughter of Baltzer Napfle, who died in November, 1887, leaving to survive him five children, including the petitioner and one grandchild, all being the issue of his marriage with Ann Wondoniger, deceased; that, at the age of 75 years, the decedent intermarried with one Emma, who had been his housekeeper and known to him about six months prior to said marriage, and the issue of said marriage was one child, Albert Napfle; that, at the age of 84 years, the decedent made a will by which he bequeathed to the children of his first marriage and said grandchild the sum of $500 each; that, one year later, without any change in his pecuniary circumstances or his relations with his family, a codicil to said will was executed reducing said legacies to $25 each, and leaving

the balance of his estate, amounting to at least $25,000, to his second wife; that, notwithstanding the testimony produced before the register of wills showing mental unsoundness, the register had dismissed the caveat filed by the petitioner, and had admitted said will and codicil to probate as the last will and testament of said deceased; wherefore, the petitioner prayed for a citation to issue against all persons in interest to show cause why an appeal from the decree of the register should not be allowed, and an issue awarded, etc.

Citations having been awarded and answers filed, after argument upon the case presented by the testimony certified from the office of the register, on February 2, 1889, the following opinion was filed, Ashman, J.:

The testator died at the age of 88, three years after his will and two years after the codicil to the will were written. He left nine living children, to most of whom he had given real estate in his lifetime, and to each of whom he gave $500 by his will, which he reduced to $25 each by the codicil. The rest of his property he gave to his second wife, whom he had married eight years before his death. He explained to the scrivener who drew the codicil that he reduced the legacies to his children because the latter were already provided for. A few months before his death, he took with his wife a sea voyage for his health, and he died while abroad on that trip. His bodily and mental condition, during a period beginning some years before the date of his will and continuing to the date at which he left the country, was described by physicians and neighbors and by persons who had business dealings with him, and their account was supplemented by the testimony of two of his fellow-passengers on shipboard. So far as could be seen, none of these witnesses had any motive for concealing or distorting the facts. They showed that the decedent's eyesight and hearing, and perhaps his memory, were impaired; but, if their statements were true, they left no doubt of his testamentary capacity. The testator gave his own directions for the drawing of the will and of the codicil, and at different times afterwards referred to their provisions; he borrowed money on his property for necessary improvements; and, in anticipation of a contest by his children over his will, he conveyed a house

Opinion of Court below.

and lot by deed to his wife. These acts were not evidence of mental decay.

Much of the opposing testimony was pervaded by a spirit, more or less thinly disguised, of hostility to the residuary legatee. That person was charged with exerting an undue influence over the testator, which showed itself most obnoxiously in the direction of discouraging the visits of his old associates. We are not able, after hearing all the evidence, to say that this influence may not, in some instances, have been happily wielded. But whatever its character may have been, it was not shown to have had any possible connection with the making of the will or codicil. The testator gave his own reasons and followed his own purpose in preparing those instruments, and the mode and place of their execution were at least unfavorable to the theory of coercion. Leaving out of view the element of bias in the minds of the witnesses, much of the testimony for the contestants was valueless, because it was a mere expression of opinion which had no basis of adequate fact. A man's right to dispose of his property as he pleases, is not to be frittered away, nor his mental soundness disputed, because he is unable or unwilling to recognize those whom he formerly knew ; nor because he gives short answers to irrelevant inquiries ; nor even because he limps in his gait. Assuredly no court would set aside his will because the ancestor of one of his neighbors had the misfortune, on reaching his age, to become insane. Yet that was the exact reason which a witness for the contestants assigned for her belief in the testator's incompetency. She said : " He was eighty-seven years old, and of course he could not be of sound mind. My grandmother died at that age, and I know she was not." To our mind the great age of the testator, instead of being selected as the point of attack against his will, should be regarded as one of its safeguards. In the language of Chancellor KENT, " the will of an aged man ought to be viewed with great tenderness, when it appears not to have been procured by fraudulent arts, but contains those very dispositions which the circumstances of his situation and the course of the natural affections dictated : " Van Alst v. Hunter, 5 Johns. Ch. 148. But the evidence does not require further discussion. It would not justify a verdict for the contestants, and their appeal is therefore dismissed.

—The petitioner then took this appeal, assigning the decree of the court dismissing her petition, for error.

*Mr. Thos. R. Elcock* and *Mr. S. E. Cavin*, for the appellant. Counsel cited: Reichenbach v. Ruddach, 127 Pa. 564.

*Mr. James Sellers* and *Mr. Lewis Stover*, for the appellees.
Counsel cited: De Haven's App., 75 Pa. 337; Harrison's App., 100 Pa. 458; Knauss's App., 114 Pa. 20.

PER CURIAM:
This decree is affirmed upon the opinion of the learned judge of the Orphans' Court, and the appeal dismissed at the costs of the appellant.

Decree affirmed.